UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIAM S. SHAW,

    Plaintiff,

v.                                        Case No.:  2:22-cv-793-SPC-NPM

THE LEE COUNTY SHERIFF
DEPT., KATHERINE STRANGE
and CINDY TORRES,

    Defendants.

_____/

**OPINION AND ORDER**[1]

Before the Court is pro se Plaintiff William Shaw's "complaint." ([Doc. 1](#)). Though styled as a complaint, Shaw uses this filing to request three things: (1) to "reopen" *Shaw v. Strange,* case number 2:22-cv-00051-JLB-MRM, (2) to "amend . . . [the complaint] pursuant to Florida Rule [of Civil Procedure] 1.190(A)," and (3) to "remov[e] from the Circuit/County Court for the Twentieth Judicial [sic] in and for Lee County Florida to the United Staes [sic] District

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them.  The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

Court." (Doc. 1 at 1). This complaint is dismissed without prejudice for the reasons explained below.[2]

Some background is necessary to understand what the Court believes Shaw is requesting via his "complaint."[3] Shaw's original complaint in case 2:22-cv-00051-JLB-MRM ("first case") was filed in state court but contained federal claims. (First Case Doc. 1). Defendants removed to this Court. (First Case Doc. 1, 7). Shaw then filed a motion to amend his complaint to remove all federal claims. (First Case Doc. 15). The Court interpreted this as a motion to both amend and remand, which it granted. (First Case Doc. 19). So Shaw's federal case was closed. The remanded first case is still pending in state court under case number 22-CA-144.[4]

Against this backdrop, the Court interprets Shaw's "complaint" in this second case (2:22-cv-793-SPC-NPM) as a request for relief from the Court's

---

[2] This order does not discuss every deficiency, such as Shaw's improper naming of the Lee County Sheriff's Office as a party. *See Navarro v. City of Riviera Beach,* 192 F. Supp. 3d 1353, 1361 (S.D. Fla. 2016).

[3] Aside from the cases at issue here (2:22-cv-000793-SPC-NPM and 2:22-cv-000051-JLB-MRM), Shaw has filed many cases in state and federal court concerning the same set of facts. *See Shaw v. Rodriguez,* 2022-CA-00142 (removed to federal court as 2:22-cv-00107-SPC-NPM, dismissed as a shotgun pleading, then remanded); *Shaw v. Torres,* 22-CA-000143 (removed to federal court as 2:22-cv-00049-SPC-NPM, then remanded); *Shaw v. Lee Cnty. Sheriff Dept.,* 22-CA-000144 (removed to federal court as 2:22-cv-000051-JLB-MRM, then remanded); *Shaw v. HealthPark Med. Ctr. LLC,* 2022-CA-000148 (removed to federal court as 2:22-cv-00106-SPC-NPM, then remanded); *Shaw v. Iverson,* 22-CA-000164 (removed to federal court as 2:22-cv-00105-JES-NPM, then dismissed as a shotgun pleading); *Shaw v. HealthPark Med. Ctr. LLC,* 2:22-cv-798-SPC-NPM (initiated in federal court, pending).

[4] The filings and case status are publicly available via Lee County Clerk of Court: Court Records Inquiry at https://matrix.leeclerk.org/.

order remanding the first case. Shaw's request for relief is denied. Shaw has presented no grounds for relief under Fed. R. Civ. P. 60(b). And even if Shaw had presented grounds for relief, the Court is doubtful that Shaw's motion for relief is timely filed under Fed. R. Civ. P. 60(c). Shaw originally filed this first case in state court. The case was then removed. The subsequent order remanding the case to state court—*requested by Shaw* (First Case Doc. 15)—was entered on March 31, 2022. (First Case Doc. 19). Shaw did not move for relief from that order until December 14, 2022 (with the filing of the second case).

Courts must liberally construe pro se filings and hold them to less stringent standards than papers drafted by attorneys. See *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But courts cannot act as counsel for plaintiffs or rewrite pleadings. *United States v. Cordero*, 7 F.4th 1058, 1068 n.11 (11th Cir. 2021). And pro se litigants must still comply with procedural rules applicable to ordinary civil litigation. See *McNeil v. United States*, 508 U.S. 106, 113 (1993).

If Shaw wishes to pursue case 2:22-cv-00051-JLB-MRM, he must move to reopen that case under Fed. R. Civ. P. 60(b) and explain the timeliness of his motion under Fed. R. Civ. P. 60(c).

Accordingly, it is now

**ORDERED:**

3

1. Plaintiff Shaw's Complaint (Doc. 1) is **DISMISSED without prejudice**.

2. The Clerk is **DIRECTED** to deny any pending motions, terminate all deadlines, enter judgment, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on January 11, 2023.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record